IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-0174-CV-W-ODS |
| FIRSTCALL STAFFING SOLUTIONS, INC., GINA M. HILTON and BEATRICE GRAY, | )<br>)<br>) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING MOTION TO STRIKE JURY DEMAND

Pending before the Court is Plaintiff's Motion to Strike Jury Demand (Doc. # 12). Plaintiff filed the above-captioned action pursuant to 29 U.S.C. § 217[1] of the Fair Labor Standards Act of 1938 ("the Act"), solely seeking equitable relief to restrain Defendants from the continued withholding of back wages and to enjoin them from future violations of the Act. Specifically, Plaintiff seeks an injunction to stop Defendants from violating the overtime and record keeping provisions of the Act, Sections 15(a)(2) and (a)(5), §§ 215(a)(2) and (a)(5). Plaintiff contends that because the action is brought solely in equity, there is no constitutional right to a jury trial.

While there is no Supreme Court or Eighth Circuit precedent that squarely holds there is no right to a jury in actions brought pursuant to section 217, other courts have repeatedly held that because such suits are equitable in nature, parties to section 217 actions have no right to a trial by jury. See, e.g., Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018, 1032 (5th Cir. 1993); Brock v. D & R, Inc., 1986 WL 15450, at *2 (W.D. Ark. 1986). See also, Don Hamilton Oil Co., 783 F.2d 151 (8th Cir. 1986) ("Every court

---

[1] "The district courts . . . shall have jurisdiction . . . to restrain violations of section 15 of this title, including in the case of violations of section 15(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter. . . ."

to consider the issue, with one exception later overruled, has held that there is no constitutional right to a jury trial in a § 217 action.") (citing Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965)); Clifton D. Mayhew, Inc. v. Wirtz, 413 F.2d 658 (4th Cir. 1969) (stating that suit for injunction brought by Department of Labor under Section 17 is essentially equitable in nature); Paradise Valley Investigation & Patrol Services, Inc. v. United States District Court, 521 F.2d 1342 (9th Cir. 1975); Wirtz v. Robert E. Bob Adair, Inc., 224 F. Supp. 750 (W.D. Ark. 1963).

While Defendants disagree with the reasoning of the Fifth Circuit in Wirtz v. Jones and the cases that adopt its conclusion, the Court is inclined to follow the rationale of others that have addressed the issue. Accordingly, Plaintiff's Motion to Strike Jury Demand is GRANTED. Additionally, the Court declines Defendants' invitation to try the matter with an advisory jury, as provided for by Fed. R. Civ. P. 39(c).

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 28, 2008    UNITED STATES DISTRICT COURT

2